UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
BRUCE SWEEPER,                                    :
                                                  :
                          Plaintiff,              :        08 Civ. 6372 (HB)
                                                  :
               -against-                          :        OPINION & ORDER
                                                  :
CORRECTION OFFICER, D. TAVERA # 13452,            :
CORRECTION OFFICER, JOHN DOE, # 15352,            :
CLAUDE PERNIER, PHYSICIAN, and LESTER             :
LIEBERMAN, MD, ORTHOPEDICS,                       :
                                                  :
                          Defendants.             :
-------------------------------------------------------------------------x

Hon. HAROLD BAER, JR., United States District Judge:

> This action arises out of allegations brought by Plaintiff Bruce Sweeper ("Sweeper" or "Plaintiff"), who is *pro se*, a fact which I carefully considered before writing this opinion. He alleges he was injured in a motor vehicle accident while riding a bus owned and operated by the Department of Corrections ("DOC"). Broadly construed, Sweeper's complaint alleges deliberate indifference to serious medical needs in violation of the United States Constitution, pursuant to 42 U.S.C. § 1983, as well as medical malpractice under New York law. Defendants Correction Officer David Taveras (sued here as "Correction Officer D. Tavera # 13452"), Correction Officer John Doe, Dr. Claude Pernier and Dr. Lester Lieberman ("Defendants")[1] move to dismiss Sweeper's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion to dismiss is granted.

## I.  FACTUAL BACKGROUND[2]

> At all times relevant to this case, Sweeper was incarcerated at the Metropolitan Detention Center ("MDC") as a pretrial detainee. On approximately October 7, 2006,[3] at approximately 1:43 p.m., while driving along Delancey Street and Norfolk Street, the DOC bus in which Sweeper was

---

[1] In his opposition to the motion to dismiss, Sweeper admitted that his claims against Defendants David Tavera and John Doe are barred by the doctrine of *res judicata*, and voluntarily dismissed his claims against these two Defendants. Accordingly, the complaint is dismissed with prejudice as to these defendants on consent, and the Court will consider the merits of the motion to dismiss only as it relates to Defendants Pernier and Lieberman.

[2] For the purposes of this motion to dismiss, the factual allegations of Sweeper's complaint are accepted as true. *See, e.g.*, *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of America Secs. LLC*, 568 F.3d 374, 376 (2d Cir. 2009).

[3] In certain portions of his complaint, Sweeper alleges that the accident occurred on October 7, 2006, and in others he alleges that the date of the accident was September 7, 2006. For the purposes of the resolution of this motion, the precise date of the alleged accident is immaterial.

being transported collided with the back of a gray car bearing Connecticut license plates.  At the time, Plaintiff was seated in a "small cage behind the driver with no seat belt."  On impact, Sweeper hit the front, side and back of the "cage" in which he was seated, and sustained injuries to his head, back and knee.  Three of the other twelve passengers in the bus also were injured.

Sweeper alleges that he was left unattended on the bus without medical attention for approximately six hours and that the bus driver prevented anyone, including ambulance technicians, from entering the bus.  Sweeper did not see a doctor until approximately 9:00 p.m. that evening.  Sometime after receiving medical attention, Dr. Pernier prescribed a pain killer for Sweeper, but did not order an MRI or any other testing to evaluate Sweeper's swollen knee or his alleged inability to walk.  Sweeper likewise alleges that Dr. Lieberman failed to provide an MRI to diagnose his back problem following the accident and that Dr. Lieberman "incorrectly reversed the issuance" of a cane that had been provided to Sweeper by a physician's assistant.

On approximately October 5, 2007, Plaintiff, then represented by counsel, filed a lawsuit in the New York Supreme Court, New York County against the City of New York and Officer Taveras alleging personal injuries arising from the same bus accident that gives rise to the instant case.  Sweeper's state court case was settled pursuant to a Release Agreement on July 12, 2008 in which Sweeper accepted a settlement award of $3,500 in exchange for his release of his existing and future claims against the state-court defendants and their "heirs, executors, administrators, successors and assigns."  Subsequently, on July 16, 2008, the state-court action was dismissed with prejudice pursuant to a stipulation of discontinuance.  Sweeper's complaint in the instant action was filed by the Pro Se Office of this Court on that same day.[4]

## II.  LEGAL STANDARD

The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and, more recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), articulated the standards that apply to Defendants' motion to dismiss pursuant to Rule 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[4] The complaint is stamped "received" by the Pro Se office on June 27, 2008, but it was not filed and the summons was not issued until July 16, 2008.  Accordingly, by the time the complaint was officially filed in this Court, Sweeper's state-court action was no longer pending.

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The Court must accept all factual allegations as true, but this requirement does not apply to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.*  The court's determination of whether a complaint states a "plausible claim for relief" is a "context-specific inquiry" that requires application of "judicial experience and common sense."  *Id.*  Unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted)).  Courts must interpret *pro se* pleadings "'to raise the strongest arguments that they suggest.'" *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir. 2000) (quoting *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996)).  Although they should be generously construed, *pro se* pleading "must still abide by the Federal Rules of Civil Procedure." *Jones v. Consumer Info. Dispute Resolution*, 2007 WL 2398811, at \*1 (S.D.N.Y. 2007) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)).

## III.  DISCUSSION

### A.    <u>Res Judicata</u>

Defendants argue that Sweeper's claims are precluded by the doctrine of *res judicata* as a result of the prior settlement of his personal injury claims in the New York state court action that arose from the same accident that is at issue here.  The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 284-85 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  Thus, to prove entitlement to the affirmative defense of *res judicata*, a party must establish three elements: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the previous action.  *Allen*, 449 U.S. at 94; *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345-46 (2d Cir. 1995).  Congress has specifically required that federal courts give preclusive effect to state-court judgments when the courts of the state in which the judgment was rendered would do so.  *See* 28 U.S.C. § 1738

("[J]udicial proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State . . . ."). This general principle applies equally to claims brought in federal court pursuant to § 1983. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84 (1984). Accordingly, the preclusive effect of Sweeper's settlement agreement and stipulation of dismissal in the New York Supreme Court will be governed by New York law.

In this case, Sweeper advances two principal arguments in opposition to the application of *res judicata* to bar his claims: first, that this action does not involve the same claims because the state-court action did not allege deliberate indifference to serious medical needs in violation of § 1983, and second, that Pernier and Lieberman were not parties to the previous state-court action.[5] I will address each contention in turn.

### 1. *Sweeper's Claims Could Have Been Asserted in the Prior State Court Action*

To determine whether a claim that was not brought in a prior litigation could have been so brought, and thus to determine whether the doctrine of *res judicata* applies to bar a subsequent claim, New York courts take a "transactional" approach. That is, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *See, e.g.*, *Tokio Marine & Nichido Fire Ins. Co., Ltd. v. Canter*, 07 Civ. 5599 (PKL), 2009 U.S. Dist. LEXIS 70347, at *13-14 (S.D.N.Y. Aug. 11, 2009) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981). To determine whether two actions arise from the same transaction, courts "look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[6] *Marvel*, 310 F.3d at 287 (quoting *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001)). The issue of whether a judgment has preclusive effect on subsequent

---

[5] Sweeper also contends that the previous lawsuit was not adjudicated "on its merits" because it was voluntarily dismissed pursuant to the Release Agreement. However, it is well established that a settlement of a prior action and concomitant dismissal with prejudice is accorded the same preclusive effect as a judgment after a determination of an action on its merits. *E.g.*, *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002) ("It is clear that a dismissal, with prejudice, arising out of a settlement agreement operates as a final judgment for res judicata purposes."); *Greenberg v. Board of Governors of the Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir. 1992); *see also Benjamin v. New York City Dep't of Health*, 57 A.D.3d 403, 404 (1st Dep't 2008); *Singleton Mgmt., Inc. v. Compere*, 243 A.D.3d 213, 216 (1st Dep't 1998). Accordingly, the first element of *res judicata* is established here.

[6] However, "application of *res judicata* principles is not a rigid exercise" and "the notion of a 'transaction' is prismatic in the sense that it takes coloration from its surroundings. It must be given a flexible, common-sense construction that recognizes the reality of the situation." *Stewart v. Transport Workers Union of Greater N.Y., Local 100*, 561 F. Supp. 2d 429, 438 (S.D.N.Y. 2008) (citations omitted).

litigation "depends in part on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983) (citations omitted). "Also dispositive to a finding of preclusive effect, is whether an independent judgment in a separate proceeding would impair or destroy rights or interests established by the judgment entered in the first action." *Marvel*, 310 F.3d at 287 (quoting *Sure-Snap Corp. v. State Street Bank & Trust Co.*, 948 F.2d 869, 874 (2d Cir. 1991)).

In this case, Sweeper acknowledges that the Release Agreement that he executed to resolve his prior state court action has preclusive effect as to Defendant Taveras. However, he contends that his claim against Drs. Pernier and Lieberman are not so barred because his state court action did not include a claim for deliberate indifference of serious medical need under § 1983. Thus, in essence, Sweeper contends that the doctrine of *res judicata* does not prevent him from bringing his state-court claims in New York Supreme Court while bringing his § 1983 claim in federal court. Unfortunately for Sweeper, the United States Supreme Court has explicitly rejected this reasoning and has held that § 1983 claims are held to the same *res judicata* analysis under New York law as any other claim. *See Migra*, 465 U.S. at 83-85. Put another way, if a New York court would find that Sweeper's § 1983 claim is precluded because it could have been brought in his previous state-court action, then this Court must reach the same conclusion, and so it is here.

The Release Agreement contained no provision that permitted Sweeper to reserve the right to sue the individual physicians for his injuries that arose from the same bus accident. *See Crivera v. City of N.Y.*, 03 CV 477 (JG), 2004 U.S. Dist. LEXIS 2571 (E.D.N.Y. Feb. 23, 2004); *see also International Union of Operating Engineers-Employers Construction Indus. Pension, Welfare & Training Trust Funds v. Karr*, 944 F.2d 1426, 1432 (9th Cir. 1993) ("[A party] that wishes to preclude the application of res judicata to a future action . . . can reserve that right [in an agreement] . . . ."); *cf. Siegel v. National Periodical Publications, Inc.*, 508 F.3d 909, 913 (2d Cir. 1974) ("There is no limiting language in the judgment which would support the present contention that renewal rights were preserved."). Under these circumstances, it is clear that under New York's transactional approach to the preclusion analysis, Sweeper could have brought his § 1983 claim in his previous lawsuit.

### 2. *Drs. Pernier and Lieberman Are In Privity with the City of New York*

Sweeper also argues that his claims in this action are not precluded because Drs. Pernier and Lieberman were not parties to the state court action. However, where a subsequent action

involves parties who were not parties to the prior action, the doctrine of *res judicata* may still apply to bar the relitigation of claims in the subsequent action under appropriate circumstances. That is, it is well-settled in this Circuit that "literal privity is not a requirement for *res judicata* to apply." *Monahan*, 214 F.3d at 285.  Indeed, numerous courts have recognized that "[a] privity analysis for *res judicata* purposes is broader than a traditional privity analysis." *Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 380 (S.D.N.Y. 1999); *see also, e.g.*, see also *Vets N., Inc. v. Libutti*, No. 01-CV-7773, 2003 WL 21542554, at *11 (E.D.N.Y. Apr. 21, 2003) ("[C]ontemporary courts have broadly construed the concept of privity, far beyond its literal and historic meaning, to include any situation in which the relationship between the parties is sufficiently close to supply preclusion.") (internal quotation marks and citation omitted); *Melwani v. Jain*, 02 Civ. 1224 (DF), 2004 U.S. Dist. LEXIS 16867, at *10 (S.D.N.Y. Aug. 24, 2004). "Privity requires that a non-party to an earlier litigation must have had his or her interests adequately represented in the prior proceeding by reason of legal interest or control in the first action." *Council v. Better Homes Depot, Inc.*, 04 CV 5620 (NGG) (KAM), 2006 U.S. Dist. LEXIS 57851, at *14 (E.D.N.Y. Aug. 16, 2006); *see also Chase Manhattan Bank*, 56 F.3d at 345-46.  Privity may also be found where the claims in the prior action and the subsequent action are identical, the same witnesses, facts and legal theories are involved, and the first action did not involve any defense unique to those parties.  *See Zoll v. Ruder Finn, Inc.*, 02 Civ. 3652 (CSH), 2003 U.S. Dist. LEXIS 17514, at *21-22 (S.D.N.Y. Oct. 2, 2003).

In this case, as already discussed, the facts, witnesses, underlying legal theories and available defenses are virtually identical to those involved in Sweeper's previous state court action.  Moreover, the interests of Drs. Pernier and Lieberman were adequately represented in the previous action by the City of New York, which would have been liable for any alleged negligence as a result of the medical care Sweeper received after the bus accident.  Indeed, where, as here, it is the non-parties to the previous litigation who seek to enforce the doctrine of *res judicata* against the identical plaintiff who brought the previous action, the same fairness concerns are not implicated as where the preclusion doctrine is sought to be enforced against the non-party. *See Zoll*, 2003 U.S. Dist. LEXIS 17514 at *20-21 ("The party requirement under the doctrine of claim preclusion exists primarily for the purpose of protecting the interests of parties not present or represented in prior litigation.").  Accordingly, I find that there is sufficient privity between the City of New York and Drs. Pernier and Lieberman for purposes of the application of the doctrine of *res judicata*.

*     *     *

For the foregoing reasons, the Defendants have shown that Sweeper's claims for deliberate indifference under § 1983 and medical malpractice and negligence are barred by the doctrine of *res judicata*, and Sweeper's complaint must be dismissed.

**B.**    **Deliberate Indifference to Serious Medical Need**

Even if Sweeper's claims were not barred by *res judicata*, his § 1983 claim, the only claim that invokes federal subject matter jurisdiction in this case, would nonetheless fail because Sweeper's allegations are insufficient to state a claim for deliberate indifference to serious medical need.  Sweeper claims that the Defendants were deliberately indifferent to his serious medical needs in failing to provide adequate treatment for his injuries due to the alleged bus accident.  To succeed in an action brought under § 1983, Sweeper must show that there has been a denial of a constitutional or federal statutory right and that the deprivation occurred under color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 687 U.S. 42, 48 (1988).

In *Estelle v. Gamble*, 239 U.S. 97, 101 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain."  To prove deliberate indifference to serious medical needs, a plaintiff must prove two elements, one objective, the other subjective: (1) that the alleged deprivation is, objectively, "sufficiently serious"; and (2) that the official in question had a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  That is, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Cain v. Jackson*, 05 Civ. 3914 (LAP) (MHD), 2007 U.S. Dist. LEXIS 55090 (S.D.N.Y. July 27, 2007) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  The injuries here do not pass this test.

I find that his medical condition failed the "sufficiently serious" test.  *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (finding a deprivation is sufficiently serious when it presents a "condition of urgency, one that may produce death, degeneration, or extreme pain"); *see also Trammell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003) (sufficiently serious deprivation is one that denies "the minimal civilized measure of life's necessities").  As the Second Circuit has recognized, "[t]here is no settled, precise metric to guide a court in its estimation of the seriousness of a prisoner's medical condition."  *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). However, numerous cases have set forth an illustrative list of factors that guide the analysis, including (1) whether a reasonable doctor or patient would perceive the medical need in question

as "important and worthy of comment or treatment," (2) whether the medical condition significantly affects daily activities, and (3) whether the plaintiff suffers from "the existence of chronic and substantial pain." *Id.*; *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citations omitted); *Smith v. Carpenter*, 316 F.3d 178, 187 (2d Cir. 2000) ("[A] serious medical need exists where the failure to treat a prisoner's injury could result in further significant injury or the unnecessary and wanton infliction of pain.") (internal quotation marks omitted).  "Trivial or insignificant conditions do not fall within the scope of [constitutional] protection."  *Wright v. New York State Dep't of Corr. Servs.*, 06 Civ. 03400 (RJS)(THK), 2008 U.S. Dist. LEXIS 106507, at *44 (S.D.N.Y. Oct. 14, 2008) (quoting *Chance*, 143 F.3d at 702).

Here, Sweeper has not plead sufficient allegations to make plausible his position that his injuries are sufficiently serious to form the predicate for a claim of deliberate indifference to serious medical need under § 1983.  To be sure, Sweeper's complaint contains allegations of certain unspecified pain in his head, back and knee and alleges that he had trouble walking after the bus accident.  However, these kinds of complaints are not sufficiently severe to "produce death, degeneration, or extreme pain," *Hathaway*, 37 F.3d at 66, or to deny "the minimal civilized measure of life's necessities," *Trammell*, 338 F.3d at 161, such that they rise to the level of a constitutional violation.  Accordingly, I find that the allegations of Sweeper's complaint fail to withstand the Defendants' motion to dismiss as to the objective prong of the deliberate indifference analysis.[7]

Even if Sweeper had established a genuine issue of material fact with respect to the objective seriousness of his injury, his complaint is nonetheless deficient because he has not sufficiently alleged that any of the Defendants has acted with the requisite "culpable state of mind" to prove his § 1983 claim for deliberate indifference to medical needs.  "An official acts with the requisite deliberate indifference when the official 'knows of and disregards an excessive risk to inmate health or safety.'"  *Chance*, 143 F.3d at 702 (quoting *Farmer*, 511 U.S. at 837).  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at

---

[7] Sweeper makes several additional factual allegations in his opposition to Defendants' motion to dismiss that were not included in his initial complaint.  These newly-pled allegations include that Drs. Pernier and Lieberman denied him medical attention "several times" and failed properly to evaluate him for internal injuries after the bus accident.  Even if the Court were to consider these additional allegations, the propriety of which is not beyond doubt, Sweeper nonetheless has failed to allege sufficient facts on the objective prong of the deliberate indifference analysis.  He provides no additional details as to the nature or severity of his injuries, which are the focal points of the objective prong.  Accordingly, even if I were to consider these new allegations, the complaint would nonetheless be dismissed.

837.  The Second Circuit has found that this state of mind is analogous to the standard of recklessness in criminal law.  *See Smith*, 316 F.3d at 184 (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2000) (*per curium*)).

To meet this standard of culpability, a defendant's actions must be more than mere negligence or medical malpractice; rather, plaintiffs must show that the defendant acted with a reckless disregard for the risk presented.  *Stevens v. Goord*, 535 F. Supp. 2d 373, 384 (S.D.N.Y. 2008) (citing *Farmer*, 511 U.S. at 835); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation simply because the victim is a prisoner.").  A plaintiff "need not show that a prison official acted or failed to act believing that harm would actually befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  *Farmer*, 511 U.S. at 842-43; *Wright*, 2008 U.S. Dist. LEXIS 106507 at *45 (to show deliberate indifference, "a prisoner must show more than negligence, but less than conduct undertaken for the very purpose of causing harm"); *cf. McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (requiring conduct that "shocks the conscience" or a "barbarous act") (citing *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864 (2d Cir. 1970)). Nothing like such conduct is alleged here.

It should be noted, and numerous courts in this Circuit have done so, that "prison officials and medical officers have wide discretion in treating prisoners, and Section 1983 is not designed to permit federal courts to interfere in the ordinary medical practices of state prisons."  *Sonds*, 151 F. Supp. 2d at 311.  Federal courts are therefore "generally hesitant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Id.*  Indeed, in view of courts' reticence to become enmeshed in claims of mere medical malpractice or negligence, in the § 1983 inquiry medical providers are given a "presumption of correctness."  *Id.* (citing *Perez v. County of Westchester*, 83 F. Supp. 2d 435, 440 (S.D.N.Y. 2000)).

In this case, the allegations of the complaint indicate that, far from having his medical needs ignored, Sweeper indeed received ample medical attention following the alleged accident. After having been seen upon his return to MDC, Sweeper was given an x-ray and was prescribed a painkiller.  Although he was initially given permission to use a cane, Sweeper alleges that such permission was rescinded by Dr. Lieberman, even though Dr. Lieberman allegedly knew Sweeper was experiencing pain in his knees and back that prevented him from walking normally. However, Sweeper does not allege that Dr. Lieberman acted with a reckless disregard for the risk presented, *Stevens*, 535 F. Supp. 2d at 384, or that he acted or failed to act despite his knowledge

of a substantial risk of serious harm, *Farmer*, 511 U.S. at 842-43.  At most, Sweeper alleges that he disagreed with the treatment he received and that the Defendants' failure to treat him in a particular manner constituted negligence or malpractice.  Nothing alleged in either Sweeper's complaint or opposition to the motion to dismiss rises to the level of the state of mind that is necessary to sustain a deliberate indifference claim under § 1983.

*     *     *

Accordingly, Sweeper's complaint fails to sufficiently allege either the objective or subjective prongs of the deliberate indifference analysis, and the § 1983 claim, the only federal cause of action in Sweeper's complaint, must be dismissed for failure to state a cause of action.  Moreover, even if the Release Agreement did not have preclusive effect on Sweeper's claims, the dismissal of the § 1983 claim on its merits would counsel in favor of dismissal of his remaining state-law claims for lack of subject matter jurisdiction.  *See, e.g.*, *Matican v. City of N.Y.*, 524 F.3d 151, 154-55 (2d Cir. 2008) (citing *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)); *Klein & Co. Futures, Inc. v. Board of Trade*, 464 F.3d 255, 262 (2d Cir. 2006) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining jurisdiction over the remaining state-law claims.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also* 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  The Clerk of this Court shall close this case and remove it from my docket.

**IT IS SO ORDERED.**

**New York, New York**
**September 21, 2009**

U.S.D.J.

10